**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Garcia,<br><br>          Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank NA, et al.,<br><br>          Defendants. | No. CV-15-01493-PHX-DLR<br><br>**ORDER** |

Having prevailed on all claims in this action, Defendants JPMorgan Chase Bank, N.A. ("Chase") and Bank of America, N.A. ("BANA") move for an award of attorneys' fees against Plaintiff Patricia Garcia pursuant to the fee shifting provisions in Garcia's promissory note ("Note") and corresponding deed of trust ("DOT"), and A.R.S. § 12-341.01. (Doc. 294.) The motion is fully briefed (Docs. 300, 303), neither party requested oral argument, and the relevant factual background may be found in the Court's April 5, 2017 order granting summary judgment for Defendants in this case (Doc. 278), and its June 22, 2017 order dismissing the related case of *Garcia v. JPMorgan Chase Bank NA, et al.*, No. CV-16-01023-PHX-DLR ("*Garcia II*") (Doc. 117 in *Garcia II*).[1] For the following reasons, Defendants' motion is granted.

**I. Entitlement**

Defendants argue that four provisions in the Note and DOT require the Court to

---

[1] Unless otherwise specified, record citations refer to documents filed in this case.

award reasonable attorneys' fees in this case. These same provisions were the basis of Defendants' entitlement to attorneys' fees in *Garcia II*, in which the Court concluded that Defendants' defense of the action fell within the scope of the fee-shifting provisions because Garcia's claims challenged Defendants' rights under and interest in the Note and DOT. (Doc. 160 in *Garcia II* at 8-11.) The Court's discussion of the pertinent contractual provisions in the context of *Garcia II* is equally applicable here.

Garcia argues that, unlike in *Garcia II*, Defendants' defense of this action does not fall within the scope of the contractual fee-shifting provisions. She contends that this action is more akin to the case of *Rich v. BAC Home Loans Servicing L.P.*, No. CV-11-00511-PHX-DLR, 2015 WL 12090226 (D. Ariz. Mar. 20, 2015), *aff'd in relevant part by Rich v. Bank of Am., N.A.*, 666 Fed. App'x 635 (9th Cir. 2016), in which this Court found that the plaintiffs':

> various statutory and tort claims were premised on allegations that Defendant had engaged in wrongful conduct separate and apart from the terms of the Note and Deed of Trust. Simply put, Defendant did not initiate this action to pursue its remedies under the Note and Deed of Trust, nor did Plaintiffs' properly pled claims directly challenge Defendant's authority under those instruments.

*Id.* at *3. Garcia argues that her statutory and tort claims likewise are outside the scope of the fee-shifting provisions.

Garcia's reliance on *Rich* is misplaced. She largely ignores that, in *Rich*, the Court awarded fees to the defendant pursuant to materially similar contractual fee-shifting provisions for its defense of a belatedly introduced "unfunded loan" theory that "was a direct challenge" to the defendant's "ability and authority to collect on the Note." *Id.* Here, unlike in *Rich*, Garcia's direct challenge to Defendants' rights under and interest in the Note and DOT was not belatedly introduced. As thoroughly detailed in the Court's June 22, 2017 dismissal order in *Garcia II*, Garcia has used this litigation to challenge Defendants' rights under and interest in the Note and DOT since the case's inception, notwithstanding the formal labels attached to her claims. (*See* Doc. 117 in *Garcia II*.) Accordingly, for substantially the same reasons articulated in the Court's March 30, 2018

order granting Defendants' motion for attorneys' fees in *Garcia II* (Doc. 160 in *Garcia II*), the Court finds that Defendants are entitled to an award of reasonable attorneys' fees in this case pursuant to the fee-shifting provisions in Garcia's Note and DOT.[2]

## II. Reasonableness

Where reasonable attorneys' fees are sought pursuant to a contractual provision, a fee award must be supported by proof of what is reasonable. *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931 (Ariz. Ct. App. 1983). "A fee award calculated by a lodestar method—multiplying a reasonable hourly rate by the number of hours expended—is presumptively reasonable." *Flood Control Dist. of Maricopa Cty. v. Paloma Inv. Ltd. P'ship*, 279 P.3d 1191, 1212 (Ariz. Ct. App. 2012).

> Once the prevailing party makes a prima facie case that the fees requested are reasonable, the burden shifts to the party opposing the fee request to establish that the amount requested is clearly excessive. If that party fails to make such a showing of unreasonableness, the prevailing party is entitled to full payment of the fees. If, however, the party opposing the award shows that the otherwise prima facie reasonable fee request is excessive, the court has discretion to reduce the fees to a reasonable level.

*Geller v. Lesk*, 285 P.3d 972, 976 (Ariz. Ct. App. 2012).

When analyzing the reasonableness of a requested fee award, the Court begins by determining the billing rate charged by the attorneys who worked on the case. *Schweiger*, 673 P.2d at 931. "[I]n corporate and commercial litigation between feepaying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." *Id.* at 931-32. However, "upon the presentation of an opposing affidavit setting forth the reasons why the hourly billing rate is unreasonable, the court may utilize a lesser rate." *Id.* at 932.

Having reviewed Defendants' supporting documentation, the Court finds that the

---

[2] Because the Court concludes that Defendants' are entitled to fees under the fee-shifting provisions of the Note and DOT, Defendants are not entitled to fees under A.R.S. § 12-341.01. *See Rich*, 666 Fed. App'x at 642.

- 3 -

hourly rates charged by Defense Counsel are reasonable. In doing so, the Court again rejects Garcia's argument, previously made and rejected in the context of *Garcia II*, that these rates are unreasonably high because the results of a 2013 survey conducted by the Arizona State Bar indicated that the mean billing rates for attorneys and paralegals are lower. These survey results are several years old and discuss factors such as firm size, experience, location, and field of practice in isolation, without analyzing how these factors might affect fee rates in combination.

Next, the Court must assess whether Defendants' attorneys billed a reasonable number of hours for appropriate tasks. A reasonable attorneys' fee award compensates only for those "item[s] of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Schweiger*, 673 P.2d at 932 (internal quotation and citation omitted). To that end, the party seeking a fee award must submit an affidavit indicating "the types of legal services provided, the date the service was provided, the attorney providing the service . . ., and the time spent providing the service." *Id.*; *see also* LRCiv 54.2(d)(3), (e). Once that party establishes its entitlement to fees and submits a sufficiently-detailed affidavit, "the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007). The opposing party must "present specific objections to the reasonableness of the fees requested." *Id.* Generic assertions that the fees "are inflated and that much of counsel's work was unnecessary . . . are insufficient as a matter of law." *Id.* at 1285-86

Defendants have met their prima facie burden by submitting a detailed, task-based itemization of the fees incurred in defending against this action, which total $488,292.10. (Doc. 294-1.) This itemization includes the date each task was performed, the attorney or paralegal performing the task, a description of the task, the amount of time spent performing it, and the total amount billed for each task. Defendants also seek $14,604.09 in non-taxable costs, which have been similarly itemized. (*Id.*) The burden therefore

1 | shifts to Garcia to present specific objections to the reasonableness of the fees requested.

The Court has reviewed Garcia's objections and finds that, in many cases, they are too generic and simply criticize Defendants' counsel for overworking the case or for drafting motions that were not granted. But simply because a motion might not have been granted does not mean that it was unreasonable or imprudent to file it. With that said, the Court sustains Garcia's objections to the following billing entries: 503, 506, 507, 513, 597, 598, 599, 604, 799, 805, 867, 911, 950, 972, 1032, 1036, 1038, 1049, and 1163. These entries total $6,449.50. The Court therefore reduces Defendants' fee award against Garcia pursuant to the fee-shifting provisions in the Note and DOT to $481,842.60. The Court also awards Defendants $14,604.09 in non-taxable costs pursuant to those same contractual provisions.

**III. Conclusion**

The Court acknowledges that the fee award in this case in substantial. But given the Court's understanding of the lengthy and contentious history of this case, the Court cannot say that the work performed by Defense Counsel was unreasonable or imprudent. In the Court's experience, promissory notes and deeds of trust securing home loans routinely include such fee-shifting provisions. The risk of incurring liability for substantial attorneys' fees awards underscores how important it is for homeowners to base challenges to their lenders' authority under such instruments on reasonable, good-faith evaluations of the facts and evidence, and reasonable, coherent interpretations of applicable law.

//
//
//
//
//
//
//

| | |
|---|---|
| 1 | **IT IS ORDERED** that Defendants' motion for attorneys' fees (Doc. 294) is |
| 2 | **GRANTED**. Defendants are awarded attorneys' fees in the amount of $481,842.60 and |
| 3 | non-taxable costs in the amount of $14,604.09 against Garcia. |
| 4 | Dated this 6th day of September, 2018. |

_____
Douglas L. Rayes
United States District Judge